FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 3:50 pm, Jun 15, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SHERRI KIYOKO NUNN,<br><br>   Plaintiff,<br><br>  v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>   Defendant. | CIVIL ACTION NO.: 2:20-cv-13 |

**MAGISTRATE JUDGE'S ORDER DIRECTING FILING OF
BRIEFS IN APPEAL FROM SOCIAL SECURITY BENEFITS DECISION**

  Pursuant to 28 U.S.C. § 636(b) and this Court's Local Rule 72, this appeal from the final decision of the Commissioner of Social Security denying Plaintiff's claim for Social Security benefits has been referred to the Magistrate Judge for review and recommendation as to disposition.

  Defendant having filed his Answer, together with a certified copy of the transcript of the administrative proceedings, the Court **ORDERS** that counsel for the parties submit briefs in accordance with the following requirements:

  (1) Within 30 days from the entry of this Order, Plaintiff shall serve and file a brief setting forth all errors which Plaintiff contends entitle her to relief. The brief shall contain the following sections in the order indicated:

    (a) Statement of the issues presented for review, set forth in separately numbered paragraphs;

    (b) Statement of the case, to include: (i) brief procedural history and disposition at the administrative level; and (ii) summary of material facts supported by record citations, which should include Plaintiff's age, education, work experience, alleged mental and physical impairments,

>                and related medical history;
>
> (c) Legal argument supported by specific references to the record and citations of legal authority; and
>
> (d) Conclusion briefly stating the relief sought.
>
> (2) Within 45 days after service of Plaintiff's brief, Defendant shall serve and file a brief responding to each issue raised by Plaintiff and conforming to the requirements set forth above, except that a statement of the issues and a statement of the case need not be made unless Defendant is dissatisfied with Plaintiff's statement therefor.
>
> (3) Plaintiff may file a reply brief within 10 days of service of Defendant's brief.

The issues before the Court are limited to the issues properly raised in the briefs.[1]

Pursuant to Local Rule 7.1, briefs are not to exceed 26 pages in length without prior written permission of the Court. The parties should cite primarily to Eleventh Circuit authority and rely on precedent from other Circuits only as supplemental authority or in the absence of Eleventh Circuit authority. Additionally, any evidentiary assertions made in the briefs should be supported by specific citations to pages in the transcript.

Should any party seek an extension of any deadline in this case (including an extension of a deadline to respond to a motion or file any other pleading), the party should first contact the other party and determine if the opposing party joins in, consents to, or opposes the request for an extension. When filing the motion for an extension, the party requesting the extension must

---

[1] Requests for remands must strictly comply with the provisions of 42 U.S.C. § 405(g). Remands should be designated as either "sentence four" or "sentence six" remands. See Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1267–68 (11th Cir. 2007).

state in the motion for an extension whether the other party joins in, consents to, or opposes the request for an extension.

**SO ORDERED**, this 15th day of June, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA